UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

RUSSELL LOLAND,

    Plaintiff,

v.

PENN CREDIT CORPORATION,

    Defendants.

## COMPLAINT

Plaintiff, RUSSELL LOLAND ('LOLAND"), alleges violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. against Defendant, PENN CREDIT CORPORATION ("PENN")

### PARTIES

1. Plaintiff is a natural person and a resident of Boca Raton, Florida.

2. Defendant, PENN, is a nationwide collection agency with its principal place of business at 2800 Commerce Drive, Harrisburg, PA 17106. Penn's primary purpose is the collection of debts, and is registered with the state of Florida as a debt collection agency. (See www.real.flofr.com , last visited June 17, 2019)

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the Fair Debt Practices Act, a federal statute.

4. Venue is proper because the alleged acts and transactions complained of occurred here and the Defendant transacts and/or conducts business here.

## APPLICABLE LAW
## FDCPA

5. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

6. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." Id. § 1692e.

7. The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f.

8. Finally, the FDCPA prohibits a debt collector from contacting the consumer directly concerning the debt if the debt collector has knowledge that the consumer is represented by an attorney. 15 U.S.C. § 1692(a)(1).

9. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

10. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Id. § 1692a(3).

11. The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." Id. § 1692a(6).

12. The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." Id. § 1692a(2).

13. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." Id. § 1692a(5).

## FACTUAL ALLEGATIONS

14. On January 21, 2018, Plaintiff suffered a severe workers compensation injury that required emergency transportation to the hospital.

15. Plaintiff advised the EMS service that he had been involved in a work-related accident.

16. The EMS service thereafter assigned the alleged debt to Defendant Penn.

17. On May 23, 2018, Defendant Penn sent a dunning letter to Plaintiff requesting that he pay an outstanding balance of $740.80. (*See* Exhibit "A.")

18. Concerned, Plaintiff immediately contacted his workers compensation attorney.

19. Plaintiff's counsel immediately wrote a letter to Penn advising them to submit any allegedly outstanding charges to the appropriate workers compensation carrier, and specifically instructed Penn to contact Plaintiff's counsel if there were any problems in getting the bill paid.  (*See* Exhibit "B")

20. On May 21, 2019, Penn inexplicably sent a dunning letter directly to Plaintiff again demanding that Plaintiff pay $740.80 for the alleged debt. (*See* Exhibit "C")

21. Defendant has attempted to collect an illegitimate debt because Plaintiff incurred a compensable work-related injury, and under Florida's workers' compensation law, Plaintiff is not financially responsible for the related medical care.

22. Plaintiff became frustrated and angry that he received bills for an amount he did not owe. Plaintiff is also concerned that his credit may be impaired, and further that he may be sued by Defendant.

23.     Defendant's conduct caused Plaintiff to lose trust in his workers' compensation attorney and also deprived Plaintiff of his statutory right to be free from illegitimate debt collection.

## COUNT I AS TO PENN:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## §§ 1692e(2)(A), 1692f(1)

24.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and the alleged debt is for personal medical services.

25.     Defendant Penn is a "debt collector" as defined by 15 U.S.C. § 1692a(6) when it attempted to collect a debt on two occasions from Plaintiff for a debt that he is not responsible for.

26.     Penn engaged in "communications" with Plaintiff as defined by 15 U.S.C. § 1692a(2) when it sent the dunning letters to Plaintiff demanding that he make payment to Penn.

27.     Penn violated 15 U.S.C. § 1692e(2)(A) when it made false, deceptive, and misleading representations about the character and amount that Plaintiff owed to Penn.

28.     Penn violated 15 U.S.C. § 1692f (1) when it charged for fees not owed and not expressly authorized by agreement.

29.     Penn's violation of the FDCPA harmed Plaintiff by depriving him of the statutory right to accurate, clear, and conspicuous information concerning his alleged debt.

30.     As a result of Penn's violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, Plaintiff is entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692(k), together with reasonable attorney's fees and costs.

## COUNT II AS TO PENN:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 (a)(1)

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and the alleged debt is for personal medical services.

32. Defendant Penn is a "debt collector" as defined by 15 U.S.C. § 1692a(6) when it attempted to collect a debt on two occasions from Plaintiff for a debt that he is not responsible for.

33. Penn engaged in "communications" with Plaintiff as defined by 15 U.S.C. § 1692a(2) when it sent the dunning letters to Plaintiff demanding that he make payment to Penn.

34. Penn had actual knowledge that Plaintiff was represented by counsel for the alleged debt, and that any further communications concerning the alleged debt should be addressed directly to Plaintiff's counsel.

35. Penn had the name, full address and telephone number of Plaintiffs' counsel.

36. Despite being instructed otherwise, Penn attempted to collect the alleged debt directly from Plaintiff.

37. At no time did Plaintiff's counsel fail to communicate with Penn for a period of more than thirty (30) days.

38. At no time did Plaintiff's counsel authorize Penn to communicate directly with Plaintiff

39. At no time did Plaintiff initiate communication directly with Penn.

40. As a result of Penn's violation of 15 U.S.C. § 1692(a)(1), Plaintiff is entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692(k), together with reasonable attorney's fees and costs.

## RELIEF REQUESTED

**WHEREFORE**, based on the above stated in this Complaint, Plaintiff has been the subject of Defendant Penn's violation of the FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment for the Plaintiff and the following forms of relief:

a) Actual damages;

b) Statutory damages under the FDCPA;

c) Reasonable attorneys fees and costs under the FDCPA;

d) That the Court enter an order that Defendants and its agents, or anyone acting on its behalf, is immediately restrained from altering, deleting or destroying any documents or records; and

e) Such other and further relief as the Court may deem just and proper;

f) Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: June 17, 2019                Respectfully submitted,

/s/ J. Dennis Card Jr.
J. Dennis Card, Jr., Esq. (FL Bar No: 0487473)
E-mail: dennis@cloorg.com
/s/ Darren R. Newhart
Darren R. Newhart, Esq. (FL Bar No: 0115546)
E-mail: darren@cloorg.com
CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 822-3446
Facsimile: (305) 574-0132
*Attorneys for Plaintiff*